IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH DIVISION

MALIK S. SPARROW-COWARD,                    )
                                            )
          Plaintiff,                        )    2:25-CV-00381-CBB
                                            )
     vs.                                    )    United States Magistrate Judge
                                            )    Christopher B. Brown
SGT. BRANDON YEAGER, BOTH IN                )
HIS OFFICIAL AND INDIVIDUAL                 )
CAPACITY;  FAIRVIEW TOWNSHIP                )
POLICE DEPARTMENT,  YORK                    )
COUNTY,                                     )
                                            )
          Defendants.                       )

**MEMORANDUM ORDER[1]**

**Christopher B. Brown, United States Magistrate Judge.**

### I.    Introduction

This civil action was initiated by Plaintiff Malik S. Sparrow-Coward

(Sparrow-Coward) alleging that Defendants Sgt. Brandon Yeager, Fairview

Township Police Department and York County, Pennsylvania violated his civil

rights by allegedly fabricating evidence resulting in his arrest in February 2024.

For the reasons below, it is hereby ORDERED that this civil rights action be

TRANSFERRED FORTHWITH to the United States District Court for the Middle

---

[1]    A motion to transfer venue pursuant to 28 U.S.C. § 1404(a) involves a non-dispositive pretrial matter which under 28 U.S.C. § 636(b)(1)(A) a United States Magistrate Judge may decide. *Washam v. Shapiro*, No. 1:19-CV-838, 2019 WL 2137268, at *3 (M.D. Pa. May 16, 2019) (collecting cases); *McManus v. Giroux*, No. 3:13-CV-1729, 2013 WL 3346848, at *2 (M.D. Pa. July 2, 2013) (collecting cases).

Case 2:25-cv-00381-CBB    Document 3    Filed 03/24/25    Page 2 of 5

District of Pennsylvania where venue is proper because all the claims involve

events that took place in York County, Pennsylvania and involve Defendants that

reside in York County, Pennsylvania which is located in the territorial limits of the

United States District Court for the Middle District of Pennsylvania.[2]

## II.    Background

Sparrow-Coward alleges that Defendant Yeager is a police officer employed

by the Fairview Township Police Department located in York County,

Pennsylvania.  Sparrow-Coward alleges after a dispute with his girlfriend, she

called the Fairview Township Police Department to have Sparrow-Coward removed

from the home. ECF No. 1 at 1.  Police officers, including Defendant Yeager, arrived

at the home and offered Sparrow-Coward a ride to Harrisburg which Sparrow-

Coward accepted. *Id*.  According to Sparrow-Coward, about twenty minutes into the

car ride, Defendant Yeager stopped the vehicle and arrested him for making

terroristic threats for threatening to "shoot up" his girlfriend's house. *Id*. at 1-2.

Defendant Yeager included this threat in his affidavit of probable cause to support

the terroristic threat charges. *Id*.  Sparrow-Coward alleges that at his preliminary

hearing for these charges, his girlfriend testified Sparrow-Coward never threatened

her. *Id*. at 2.  Sparrow-Coward claims Defendants violated his civil rights because

the threats Defendant Yeager included in the affidavit of probable cause were false

---

[2]    Fairview Township Police Department is located at 599 Lewisberry Road, New Cumberland, Pennsylvania 17070 in York County, Pennsylvania. *See* online at https://york.crimewatchpa.com/fairviewtwppd/contact (website last accessed on March 24, 2025). *See also Commonwealth v. Sparrow Coward*, CP-67-CR-0001259-2024 (C.C.P. York Cnty.) (naming Brandon P. Yeager as the arresting officer for Fairview Township).  York County is located within the territorial confines of the United States District Court for the Middle District of Pennsylvania. *See* 28 U.S.C. § 118(b).

2

given his girlfriend's testimony at his preliminary hearing. *Id.* Sparrow-Coward

references violations of the Fourth and Fourteenth Amendments under 42 U.S.C. §

1983 and various state law tort claims in his complaint. *Id*. at 1.

### a. Venue is Proper in the United States District Court for the Middle District of Pennsylvania

Claims made pursuant to § 1983 have no special venue provision and the

general venue provisions of 28 U.S.C. § 1983 apply. *Urrutia v. Harrisburg Cnty.*

*Police Dept.*, 91 F.3d 451, 462 (3d Cir. 1996) (citation omitted). Section 1391

provides that a civil action, except for diversity jurisdiction actions, may be brought

in: "(1) a judicial district in which any defendant resides, if all defendants are

residents of the State in which the district is located; (2) a judicial district in which

a substantial part of the events or omissions giving rise to the claim occurred, . . . or

(3) if there is no district in which an action may otherwise be brought as provided in

this section, any judicial district in which any defendant is subject to the court's

personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b). Sparrow-

Coward claims Defendants violated his civil rights during his arrest by Fairview

Township police officers located in York County, Pennsylvania, and along with the

individual officer, names the Fairview Township Police Department and York

County as Defendants. This supports the inference that Defendants reside within

that judicial district. Likewise, it appears that all the events or omission giving rise

to Sparrow-Coward's action occurred within the Middle District of Pennsylvania, as

they pertain solely to his arrest in York County, Pennsylvania. As such, it appears

that venue is properly laid in the Middle District of Pennsylvania.

A district court has the discretion to transfer a case *sua sponte* to any district or division where the case might have been originally brought "[f]or the convenience of parties and witnesses" and "in the interest of justice[.]" 28 U.S.C. § 1404(a); *Danziger & De Llano, LLP v. Morgan Verkamp LLC*, 948 F.3d 124, 132 (3d Cir. 2020). The United States Court of Appeals for the Third Circuit has promulgated a non-exhaustive list of factors in considering a venue transfer under § 1404(a), including the parties' forum preferences, where the claims arose, the convenience of the parties relative to their physical and financial condition, the convenience of the witnesses to the extent they may be unavailable in one of the fora, the location of the books and records, the enforceability of the judgment, the relative administrative difficulties, the interest of decision local controversies at home, public policy, and the familiarity of the trial judge with the applicable state law in diversity cases. *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879–80 (3d Cir. 1995). Having considered these factors, it is the Court's opinion that these factors weigh heavily in favor of *sua sponte* transfer of this case to the United States District Court for the Middle District of Pennsylvania.

No action will be taken with respect to Sparrow-Coward's failure to file a motion for *in forma pauperis* or pay the filing fee which is left to the sound discretion of that Court.

Accordingly, the following Order is entered:

AND NOW, this 24th day of March, 2025, it is HEREBY ORDERED that the Clerk's Office shall **TRANSFER** this case pursuant to 28 U.S.C. § 1404(a) to the

United States District Court for the Middle District of Pennsylvania for all further

proceedings **FORTHWITH** and shall mark this **CASE CLOSED.**

> BY THE COURT:
>
> s/ Christopher B. Brown
> United States Magistrate Judge

cc:    MALIK S. SPARROW-COWARD
       220183
       YORK COUNTY PRISON
       P.O. Box 247
       Phoenix, MD 21131